---

## Case No. 7,780.

### In re KING.

[4 Biss. 319.] 1

District Court, D. Indiana. April, 1869.

ATTORNEY'S FEES ALLOWED PETITIONING CREDITOR.

In a case of involuntary bankruptcy, the creditor on whose petition the debtor is adjudged a

---

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

bankrupt, and who pays his attorney a reasonable fee for prosecuting the proceeding, is entitled to receive the amount so paid out of the assets of the bankrupt before a dividend is made among the creditors. But he is not entitled to such preference for time and money spent in travelling to and from the court, and in attending it during the trial of the case.

[In the matter of John G. King, a bankrupt.]

Rand & Hall, for petitioning creditors.

McDONALD, District Judge. This case comes before me, on a register's certificate, under the 6th section of the bankrupt act [of 1867 (14 Stat. 520)]. It appears that Henry K. Hobbs and Joseph W. Parks filed in this court a petition against the bankrupt, King, charging him with divers acts of bankruptcy, and praying an adjudication accordingly. On this petition he was adjudged a bankrupt. To effect this, they employed and paid Messrs. Bowles, Rand & Hall, who, as their attorneys, prosecuted the case. When the time came for distributing the assets of the bankrupt's estate among his creditors, they applied to Register Ray to allow them, as costs in the case to be paid out of the assets before a dividend should be made among the general creditors, two hundred and fifty dollars for the fees so paid to said attorneys, and fifty dollars for money and time spent by them in attending the trial of said case and in travelling to and from court for that purpose. Other creditors of the bankrupt appeared before the register and objected to said claims. There does not appear to be any dispute touching the amount of these charges. But the opposing creditors insist that they ought not to be allowed to any amount; and this is the only point certified for my decision.

On this question the bankrupt act is silent. If, therefore, the claim can be allowed, it must be on general principles as applicable to the act. Proceedings in bankruptcy are in the nature of equitable proceedings. Indeed, in adjudicating in bankrupt cases, we have occasion much more frequently for the application of equity principles than of common law rules. Equity loves equality. In contests between creditors touching the estate of their debtor it seeks to do what natural justice demands. And to this end courts of equity have often ordered that costs of suits, including solicitor's fees, should be paid out of a common fund before that fund is distributed to the parties interested in it.

One leading object of the bankrupt act is to put all the honest creditors of an insolvent debtor on an equality. To effect this it even goes farther than equity jurisprudence goes. For it will not suffer a failing debtor to give any preference to one of his creditors even before proceedings in bankruptcy are commenced; and it pronounces all such preferences fraudulent.

But if the fees of counsel in cases of involuntary bankruptcy are not to be paid out of

the common fund, the creditors who obtain against the debtor the adjudication of bankruptcy would not be put on an equality with the other creditors. The creditors prosecuting the debtor to bankruptcy would be in a worse condition than the others by at least the amount of their attorney's fees. To cast all the expense and trouble on them, and then require them to share equally with creditors who have sustained no expense or trouble, would be unjust. We must not thus "muzzle the ox that treadeth out the corn." "Qui sentit commodum sentire debet et onus."

Moreover, the rule insisted on by the opposing creditor would in many cases be outrageously inequitable. Suppose such a case as this: A owes B, C, and D, each five hundred dollars, and commits an act of bankruptcy. B petitions against him for an adjudication of bankruptcy, and obtains it; but in effecting this he has to pay his lawyer one hundred dollars. The bankrupt's assets to be distributed amount only to three hundred dollars. Now, if this sum should be equally divided between B, C, and D, B would be merely re-imbursed the one hundred dollars which he paid his lawyer, and would not save a cent by the proceeding, and would virtually lose his whole debt of five hundred dollars, while C and D would respectively receive one-fifth of theirs without any expense in money. Thus, B would sow and C and D would reap. I am not willing to adopt a rule which would result in effects and consequences so unjust and absurd. And on general principles of equity, as well as in view of the spirit of the bankrupt law, I think that, in cases like the present, a reasonable attorney's fee ought to be paid out of the general fund before distribution to the creditors. The creditor who prosecutes the debtor to bankruptcy is not indeed entitled to pay extravagant fees to his attorney, and then claim a re-imbursement out of the general fund. The amount of the fee must be reasonable. Whether the amount claimed in the present case is reasonable, is not submitted for my decision. But I direct the register to ascertain what would be a fair compensation to Messrs. Bowles, Rand, & Hall for their services in the prosecution in question, and to order the payment of the same out of the general assets before distribution.

In this view of the case, I am supported by Judge Lowell of the district of Massachusetts and Judge McCandless of the Western district of Pennsylvania in decisions lately made by them. Ex parte Jaffray [Case No. 7,170]; In re O'Hara [Id. 10,465]. And Judge Williams of the district of South Carolina has decided that, in a case of involuntary bankruptcy, "all creditors must contribute pro rata to the expenses of the suit"; and that "whether counsel fees shall be allowed, as well as the measure of such fees, rests with the court, and is a question addressed to its equity."

As to the claim of Messrs. Hobbs and Parks

for money and time spent in attending the court, and in travelling to and returning from it, in the prosecution of King to bankruptcy, I am inclined not to allow it. I know of no precedent in favor of such claim. I think it would be establishing a bad precedent to extend the equitable rule above laid down so as to include any expenses except legal fees of officers and witnesses and attorney's fees. I therefore direct the register to allow no part of the claim of fifty dollars set up by Messrs. Hobbs and Parks.

NOTE. The rule in equity that a solicitor has a lien upon the fund recovered or realized, which must be satisfied before distribution among claimants, is well stated in 2 Daniel, Ch. Prac. 1845–1847; Turwin v. Gibson, 3 Atk. 720. Consult, also, Barnesley v. Powell, Amb. 102; Cowell v. Simpson, 16 Ves. 275. The reasonable expenses incurred by the petitioning creditor in the prosecution of the petition may be allowed out of the fund. In re Schwab [Case No. 12,-498]. But no allowance can be made to the petitioning creditor for his time and services. In re Mead [Id. 9,364]. As to what is an allowance of reasonable counsel fees, is considered in the following cases: In re Williams [Id. 17,-704]; In re Mitteldorfer [Id. 9,675].